**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

v.                                                                                                         18-CR-178V

**RONNIE TUCKER,**

                **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Ronnie Tucker ("the defendant"), is charged in a multi-count indictment with having violated Title 21 U.S.C. §§ 841(a)(1) and 856(a)(1) and Title 18 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i). Dkt. #1. He has filed a motion wherein he seeks suppression of statements attributed to him at the time of and after his arrest claiming that he "at no time intend[ed] to waive, or explicitly waive [his] Miranda rights to remain silent, to refuse interrogation, to decline to participate in exchanges with law enforcement, or to speak to law enforcement without an attorney

present who represents [him]."   Dkt.#46, pp. 1-2, ¶ 6.   An evidentiary hearing on the issues raised by the defendant in this motion was held by this Court on December 21, 2018.

## FACTS[1]

On September 11, 2013, the defendant was arrested after completing a drug sale to a confidential informant under a controlled drug purchase that had been arranged.   The defendant's vehicle was stopped on Niagara Falls Boulevard by law enforcement personnel.   The defendant and his automobile were then taken to a nearby church parking lot and the defendant was removed from his automobile.   S.A. David Leary approached the defendant and recited *Miranda* warnings and advice of rights to the defendant by reading them to the defendant from a "Miranda card." Government Exhibit 1.   After so advising the defendant of his rights and hearing the defendant acknowledge that he understood his rights, S.A. Leary asked the defendant if he was willing to answer some questions and cooperate with the agents.   The defendant agreed to answer questions and cooperate.   As a result, he was taken to the local DEA office for interrogation.

At the DEA office, the defendant was debriefed by S.A. Leary in a session

---

[1] The facts are taken from this Court's notes of testimony given by S.A. David Leary of the DEA at the evidentiary hearing held on December 21, 2018.

that lasted approximately one hour.   During this interview process, the defendant never asked for a lawyer and never refused to talk to the agents.   Because he was cooperating with the DEA agents, the defendant was signed up as a confidential informant and given a DEA confidential informant number and released from custody on September 11, 2013.

## DISCUSSION AND ANALYSIS

S.A. David Leary was the only witness who testified at the suppression hearing after being placed under oath.   The defendant chose not to testify and did not present any other evidence on his behalf at the hearing in support of his motion to suppress statements given by him to DEA agents after his arrest on September 11, 2013.

The "Miranda card" which S.A. Leary referred to in his testimony was received in evidence as Government Exhibit 1.   S.A. Leary testified that he read the "warnings" and advice of rights from this exhibit to the defendant while in the church parking lot right after the defendant had been arrested.   He further testified that the defendant acknowledged that he understood his rights after they were read to him and stated that he was willing to answer questions and cooperate with the DEA agents.

I observed the demeanor of S.A. Leary during his testimony and find him to be a truthful witness and therefore accept his testimony in total. Nothing has been presented by the defendant to cause me to conclude otherwise. As a result, I find that the defendant knowingly and voluntarily waived his rights after being given *Miranda* warnings and advice of rights by S.A. Leary and therefore recommend that his motion to suppress statements made or given by him be denied in all respects. *See Berghuis v. Thompkins*, 560 U.S. 370, 388-389 (2010); *United States v. Silva*, 715 F.2d 43, 49 (2d Cir. 1983).

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           January 4, 2018

                              *S/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**