**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

v.                                                                                                  **18-CR-178V**

**RONNIE TUCKER,**

                **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Ronnie Tucker ("the defendant"), is charged in a multi-count indictment with having violated Title 21 U.S.C. §§ 841(a)(1) and 856(a)(1) and Title 18 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i). Dkt. #1.

Defendant has filed a motion wherein he seeks, *inter alia*, suppression of evidence seized from 483 Niagara Falls Boulevard on September 11, 2013, on the ground that the search warrant issued by Amherst Town Judge Geoffrey Klein was not

supported by probable cause. Dkt. #42. Specifically, defendant argues that there were insufficient facts to infer that defendant kept an inventory of narcotics at his home. Dkt. #42, ¶ ¶16 & 19.

In determining whether probable cause exists to support the issuance of a warrant, a judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *United States v. Boles*, __ F.3d __, 2019 WL 321022, at *3 (2d Cir. Jan. 25, 2019). A magistrate's determination of probable cause should be afforded great deference by reviewing courts. *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

Even if a warrant is determined to have been issued without probable cause, the heavy toll of suppression of evidence is warranted only to deter deliberate, reckless or grossly negligent conduct by law enforcement. *Id., quoting Herring v. United States*, 555 U.S. 135, 144 (2009). When a law enforcement officer genuinely believes that he has obtained a valid warrant and executes that warrant in good faith, there is no conscious violation of the Fourth Amendment to justify exclusion of evidence. *Id.*, *quoting United States v. Leon*, 468 U.S. 897, 921 (1984). The good faith exception applies to shield an officer whose reliance on a warrant is objectively reasonable, but will not apply where, as argued here, the application is so lacking in indicia of probable cause as to render reliance upon it unreasonable. *Id.* "Such a concern most frequently

arises when affidavits are bare bones, *i.e.*, totally devoid of factual circumstances to support conclusory allegations." *United States v. Clark*, 638 F.3d 89,103 (2d Cir. 2011). In contrast, affidavits providing detailed factual allegations in support of probable cause almost invariably demonstrate reasonable reliance upon a magistrate's determination as to the existence of probable cause. *Id.* at 103-04.

"A defendant's status as a drug dealer alone does not give rise to a fair probability that evidence of drug trafficking will be found in his home." *United States v. Williams*, __ F. Supp.3d __, 2018 WL 6074188, at *4 (W.D.N.Y. Nov. 21, 2018). In the instant case, however, the search warrant application contains sufficient facts to connect the residence to drug trafficking. Specifically, the affidavit in support of the search warrant states that defendant was identified as a source of cocaine supply for a network or retail cocaine dealers and that defendant was observed driving directly from a controlled purchase of an ounce of cocaine by a confidential source to the premises in May of 2012; observed exiting the premises to drive directly to a controlled purchase in July of 2013; and observed exiting the premises shortly after the confidential source arranged to meet the defendant to purchase an ounce of cocaine, which was found on defendant's person during a traffic stop as defendant was *en route* from the premises to the meeting location on September 11, 2013. Dkt. #42-1.

The affidavit also includes the law enforcement officer's opinion, based upon his training, experience, participation in this and other narcotic investigations and

his discussions with other experienced law enforcement personnel that significant drug traffickers "frequently maintain, at their residence, or other residences, amounts of cocaine, and large amounts of currency on hand in order to maintain and finance their ongoing narcotics business." Dkt. #42-1. "Probable cause determinations are frequently upheld in situations where a law enforcement officer provides an expert opinion that drug traffickers often maintain evidence of their crimes at their residences." *United States v. Fernandes*, 50 F. Supp.3d 398, 405 (W.D.N.Y. 2014) (collecting cases).

Even if there is room for disagreement as to whether these facts and opinions are sufficient to establish probable cause, any error in the issuance of the warrant is attributable to the court rather than law enforcement. *See Williams*, 2018 WL 6074188, at *9.

Accordingly, for the reasons set forth above, as well as the reasons set forth on the record at oral argument of defendant's pretrial motions on November 14, 2018, it is recommended that defendant's motion to suppress evidence seized pursuant to a search warrant for 483 Niagara Falls Boulevard (Dkt. #42), be denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ˇ4ˇ

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report,**

**Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
             February 5, 2018

                                      *s/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**